## CIRCUIT COURT OF THE CITY OF RICHMOND

Betty Jo Kennedy

v.

William Wheeler et al.

March 28, 1995

Case No. LX-142

By Judge T. J. Markow

This matter is before the court on the pleas of the statute of limitations of the defendants William Wheeler, M.D., and Commonwealth Radiology, P.C. (hereafter collectively referred to as Commonwealth). The pleas of the statute of limitations of the other defendants have previously been overruled.

The facts found here are based on the pleadings, the attachments to the memoranda of the plaintiff and the defendants, the deposition of the plaintiff's expert, Niculae Ciobanu, M.D., and the evidence heard *ore tenus*.

There are no material facts in dispute as concerns the issue before the court. Plaintiff and defendants vigorously dispute, however, what constitutes an "injury" so as to cause the statute of limitations to commence to run. As will be shown, their dispute is a legal dispute and not a factual one.

The essential facts are these.

As early as May 4, 1990, when Commonwealth performed a mammogram, the plaintiff's right breast contained a cancerous tumor which was detectable on mammogram studies. Defendant Commonwealth failed to diagnose the tumor on this occasion, as well as on August 20, 1991, when it performed another mammogram. All agree that the tumor was cancerous.

Plaintiff's expert testified that the tumor had doubled in size between the May 1990 and the August 1991 examinations from something below one centimeter (a stage 1 cancer) to around two centimeters (a stage 2 cancer). He said that the likelihood of a ten year disease-free state with proper treatment in 1990 was 90%. In 1991 the prognosis for the plaintiff was

reduced to 70%. Plaintiff's condition was not properly diagnosed and treated until August 1992 when a positive prognosis was reduced to between 20-25%.

This witness contends that the real injury occurred when the cancer metastasized; i.e. spread to other parts of plaintiff's body, thereby significantly decreasing the likelihood of effective treatment. Defendants' expert testified that by its very nature, a malignant tumor is characterized by growth of cancerous cells which destroy and replace normal cells. His opinion is supported by plaintiff's expert's opinion that the tumor doubled in size between May 1990 and August 1991, and his concession that while cancerous tumors destroy normal tissue, there are times when the body's defense mechanisms hold the growth to a level that growth is not clinically observable.

The crux of the dispute is not whether there was cancerous growth, but whether that constitutes an injury. Plaintiff contends that there is no injury until there is metastasis of the cancer to the lymph nodes, which dramatically reduces the plaintiff's prognosis for recovery. Plaintiff contends that metastasis did not begin until February 1992 (interestingly, one month within the statute of limitations, if plaintiff's theory of injury is accepted). Defendants argue that whenever the cancer destroys normal cells there is injury.

Commonwealth's last treatment of the plaintiff was August 1991. It was sued on January 14, 1994. The action is barred by Va. Code Ann. § 8.01-243(A) if the cause of action had accrued. Va. Code Ann. § 8.01-230 states that "[T]he cause of action shall be deemed to accrue and the prescribed limitations period shall begin to run from the date the *injury* is sustained . . . ." [Emphasis added.]

The Supreme Court of Virginia has construed "injury" to "mean positive, physical or mental hurt to the claimant." *Locke v. Johns Manville Corp.*, 221 Va. 951 (1981).

Plaintiff argues that the cellular destruction was not the result of the defendant Wheeler's misdiagnosis; rather, the harm was the increased difficulty of treatment or lessening of a positive prognosis after metastasis occurred. But, in her motion for judgment plaintiff contends that the Commonwealth failed to appreciate the significance of the mass, improperly diagnosed the mass, failed to refer to a surgeon or other specialist, failed to recommend a biopsy, and failed to properly and timely diagnose and initiate treatment of the cancer. See Motion for Judgment, p. 15. The logical conclusion to be drawn from the pleading is that had Commonwealth

diagnosed the tumor in August 1991, proper treatment would have been properly implemented, and plaintiff would not have suffered further injury.

Taken in the light most favorable to the plaintiff, the court concludes that plaintiff suffered at least the following injuries between August 20, 1991, and January 14, 1992: Destruction of normal cells as the result of continuing growth of the cancerous tumor, and reduction to some extent of plaintiff's chance for a positive prognosis; i.e., from 90% in 1990 to 70% in 1991 to 20-25% in February 1992. Each of these is an "injury" as described in Va. Code Ann. § 8.01-230 and as defined by the Supreme Court of Virginia in *Locke*.

In *Lo v. Burke*, 249 Va. 411 (1995), the Supreme Court held that a defendant had not borne the burden of proving when the injury occurred from a failure to diagnose a cancer because "[i]n the present case, the record contains no evidence that Burke suffered positive, physical or mental hurt when the CT scan was performed or during the five-week period immediately following the scan. Instead . . . Burke suffered a physical *hurt only when the cancer developed.*" (emphasis added) at 417. Here the plaintiff pleaded and the evidence supports the finding that the cancer existed at least as early as May 1990. If the proof of cancer in *Burke* would establish "injury," so it must here.

Every day that the tumor remained untreated because Commonwealth failed to properly diagnose it in August 1991 caused injury to the plaintiff. That is when the cause of action accrued. The statute of limitations had run prior to the time plaintiff filed this suit.

The pleas of the statute of limitations of defendants Wheeler and Commonwealth are supported by the evidence and will be sustained. There are jury issues as to the other defendants as the evidence is unclear whether there was continuing treatment within the two years prior to January 14, 1994. As to defendants Blanton, and Obstetrics and Gynecology Associates, Inc., the pleas of the statute of limitations must be overruled.